UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| BRENDON JAMES GIBSON, *et al.*, | ) ) ) | |
| Plaintiffs | ) ) | Case No. 5:23-cv-00116-GFVT |
| v. | ) ) ) | **OPINION** |
| WIKELEY, INC., *et al.*, | ) ) | **&** **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Increasing international interdependence highlights the importance of comity: one nation recognizing the acts of another. Respect for foreign acts comes from "a blend of courtesy and experience." *Canadian Filters Harwich v. Lear-Siegler, Inc.*, 412 F.2d 577, 578 (1st Cir. 1969). Plaintiffs Brendon Gibson and Natalie Burrett ask this Court to effect a decision of the High Court of New Zealand by temporarily restraining the Defendants from acting on a purported asset transfer or deed of removal and continuing litigating in the Fayette County Circuit Court. [R. 5.] But the Court cannot recognize the comity given to New Zealand to the detriment of Fayette County. Accordingly, the Plaintiffs' motion is **DENIED** to the extent it seeks a temporary restraining order. The Court will withhold analyzing the Plaintiffs' motion for preliminary injunction until after a scheduling conference and additional briefing.

**I**

Wikeley Family Trust Limited is a New Zealand company and acts as trustee to the Wikeley Family Trust. [R. 1 at 2, 8.] Kenneth Wikeley is a New Zealand citizen and the sole director and shareholder of WFTL. *Id.* at 5-6. The Plaintiffs allege that on January 31, 2022,

WFTL obtained a default judgment in Fayette County Circuit Court against Kea Investments, a British Virgin Islands company. *Id.* at 3.  An appeal of the default judgment is pending before the Kentucky Court of Appeals with Mr. Wikeley acting on behalf of WFTL. *Id.* at 4.  While the Kentucky Court of Appeals considers the matter, Mr. Wikeley and WFTL continue enforcement efforts against Kea in Fayette Circuit Court. *Id.*

Seeking relief from the default judgment, Kea brought action against WFTL and Mr. Wikeley in the High Court of New Zealand, arguing that WFTL and Mr. Wikeley obtained the default judgment by fraud. *Id.*  The New Zealand court agreed and issued an interim judgment that enjoined WFTL and Mr. Wikeley from replacing WFTL as trustee of the family trust, enforcing the Fayette County default judgment, or assigning WFTL's interest in the default judgment. *Id.* at 5.

In an alleged attempt to subvert the New Zealand interim order, Mr. Wikeley formed Wikeley, Incorporated, under Kentucky law and assigned WFTL's interest in the default judgment to Wikeley, Incorporated. *Id.* at 6.  To further the assignment, Mr. Wikeley caused WFTL to move for substitution in the Fayette Circuit Court proceedings to have Wikeley, Incorporated, replace WFTL. *Id.*  The New Zealand court responded to these actions in Fayette County by placing WFTL in liquidation, removing Mr. Wikeley as director, and appointing Plaintiffs Gibson and Burrett as liquidators of WFTL. *Id.* at 7; [R. 1-11 at 9-10.]  Not to be outdone, Mr. Wikeley incorporated USA Asset Holdings under Kentucky law and purported to replace WFTL with USA Asset Holdings as trustee of the family trust.  [R. 1 at 8.]

The Plaintiffs, as liquidators of WFTL pursuant to the New Zealand court's order, bring this action for declaratory and injunctive relief against Wikeley, Incorporated, USA Asset Holdings, and unknown defendants.  [R. 1.]  Along with the complaint, the Plaintiffs also filed a

2

Motion for Temporary Restraining Order and Preliminary Injunction to give effect to the New Zealand court's orders by restraining the Defendants from continuing litigating in the Fayette Circuit Court, enforcing the Fayette court default judgment, acting on the purported assignment of the judgment, or acting on the purported substitution of trustees. [R. 5-1 at 13; R. 5-3 at 4.] They also move for a hearing and expedited briefing schedule. [R. 6.] The Defendants filed a notice of appearance and also request a hearing and briefing schedule. [R. 9.]

II

In determining whether to issue a TRO, the Court examines four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted).

A temporary restraining order "is an extraordinary remedy designed for the limited purpose of preserving the status quo pending further proceedings on the merits." *Stein v. Thomas*, 672 Fed. App'x 565, 572 (6th Cir. 2016). This is because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974)).

The Plaintiffs appear to move for preliminary relief based on their claims for declaratory judgment only. [R. 5-1 at 11 ("The relief sought from this Court, as alleged in the Complaint, is recognition and enforcement of the liquidation proceeding of WFTL.").] The Plaintiffs argue that they are substantially likely to succeed on their claims for declaratory judgment because this

3

Court should recognize and enforce the New Zealand court orders as a matter of comity. *Id.* Thus, the Plaintiffs suggest that the only issue is whether the Court should recognize the New Zealand orders. Even if true, the Plaintiffs have not shown that they are entitled to the extraordinary relief of an *ex parte* restraining order that would interfere with Fayette Circuit Court proceedings.

Decisions issued by foreign jurisdictions are not entitled to automatic recognition or enforcement in the United States.[1] *See* Restatement (Third) of the Foreign Relations Law of the U.S., § 481. An American court may recognize a judgment of a foreign nation under principles of comity if the foreign court had jurisdiction over the matter and parties and if the parties in the foreign court received fair treatment "under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries." *Hilton v. Guyot*, 159 U.S. 113, 202 (1895). As explained by the Third Circuit:

> Comity is a recognition which one nation extends within its own territory to the legislative, executive, or judicial acts of another. It is not a rule of law, but one of practice, convenience, and expediency. Although more than mere courtesy and accommodation, comity does not achieve force of imperative or obligation. Rather, it is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and the rights of persons protected by its own laws.

*Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 440 (3d Cir.1971), *cert. denied*, 405 U.S. 1017 (1972). Accordingly, under these principles of comity, courts enforces foreign judgments when the foreign judgment "will not impose an undue burden upon the American court" and "in the view of the American court the decree is consistent with fundamental

---

[1] As an initial matter, the "enforceability of judgments of courts of other countries is generally governed by the law of the state in which enforcement is sought." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1212 (9th Cir.2006) (en banc) (per curiam) (plurality opinion) (citing *Bank of Montreal v. Kough*, 612 F.2d 467, 469-70 (9th Cir.1980)); *see also Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Thus, Kentucky law controls. Plaintiffs cite no Kentucky authority and do not recognize its relevance.

principles of justice and of good morals." Restatement (Second) of Conflict of Laws, § 102, cmt. g; *see also* Restatement (Third) of the Foreign Relations Law of the U.S., § 482(2)(e) (providing that courts need not recognize a foreign judgment if "the judgment conflicts with another final judgment that is entitled to recognition.").

The Plaintiffs cite cases to support the proposition that American courts may recognize orders issued in foreign insolvency proceedings. [R. 5-1 at 11 (citing four cases).] Courts likely may. *See, e.g.*, *Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624, 629 (2d Cir. 1976). But no case cited by the Plaintiffs involves restricting or modifying state-court proceedings. This is precisely what the New Zealand court orders do here. In the American system, state and federal governments are separate sovereigns, and state power derives from a source independent of the federal government. *Puerto Rico v. Sánchez Valle*, 579 U.S. 59, 72 n.5 (2016). To protect this separation, the law disfavors federal courts from enjoining state court proceedings or altering final state-court judgments. *See* 28 U.S. Code § 2283; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414 (1923). *But see McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006) (holding that *Rooker-Feldman* did not apply where the plaintiff asserted that the "state court judgments were procured by certain Defendants through fraud, misrepresentation, or other improper means"). Therefore, while the Court gives due regard to the decisions of the New Zealand court, granting such extraordinary relief would risk frustration of our federalism principles and place an undue burden on the Court. The Plaintiffs provide no authority to alleviate these concerns.

This is not the Plaintiffs' only problem. First, American courts generally recognize only determinations of foreign courts that are final. Restatement (Third) of the Foreign Relations Law of the U.S., § 481(1); *see, e.g.*, *Banca Di Credito Cooperativo di Civitanova Marche e Montecosaro Soc. Cooperativa v. Small*, 852 Fed. App'x 15 (2d Cir. 2021); *Quidgeon v.*

5

*Quidgeon*, No. CV-08-0137, 2009 WL 395873 (Mohegan Trial Ct. Jan. 30, 2009). A final judgment is one that "is not subject to additional proceedings in the rendering court other than execution." Restatement (Third) of the Foreign Relations Law of the U.S., § 481, cmt. e. The New Zealand orders here are interim orders issued after interlocutory applications by Kea and are subject to additional proceedings before the same New Zealand court. [*See* R. 1-11.] The Plaintiffs do not address the finality requirement, and the cases that the Plaintiffs cite involve either final foreign judgments or an independent source of law that allows recognition before a final judgment. *See, e.g.*, *In re Bullmore*, 300 B.R. 719, 719 (Bankr. D. Neb. 2003) (issuing preliminary relief under a provision of the bankruptcy code).

Second, some courts will recognize foreign judgments only if a court of the foreign nation would accord recognition to a similar judgment issued by an American court. *See Hilton*, 159 U.S. at 202 (declining to recognize judgment of a French court because a French court would not enforce a similar judgment of an American court); A. von Mehren & D. Trautman, *Recognition of Foreign Adjudications—A Survey and Suggested Approach*, 81 Harv. L. Rev. 1601, 1660-62 (1968). Most courts have rejected this requirement. Restatement (Third) of the Foreign Relations Law of the U.S., § 481 n.1. Nonetheless, the Plaintiffs fail to discuss its possible application under Kentucky law.

Third, a court should dismiss an action if a nonparty is indispensable to the litigation yet cannot be joined. Fed. R. Civ. P. 19. Under Rule 19, a Court engages in a three-part analysis. *See Laethem Equip. Co. v. Deere & Co.*, 485 Fed. App'x 39, 43 (6th Cir. 2012). The Court begins by determining whether the party is necessary under Rule 19(a). *See id.* After satisfying this step, the court then evaluates whether joinder is feasible and, if not, whether the suit may

6

continue in the party's absence or if the case should be dismissed because the party is indispensable. *See id.*

The Plaintiffs bring this action against Wikeley, Incorporated, USA Asset Holdings, and unknown defendants. [R. 1.] Although the Plaintiffs do not bring claims against Mr. Wikeley himself or WFTL, they allege that Mr. Wikeley is the primary actor violating the New Zealand court orders. [R. 5 at 4-10.] Moreover, the Plaintiffs seek relief that would recognize WFTL as the rightful holder of the Fayette Circuit Court default judgment and restrain it from transferring its interest in the judgment or removing itself as trustee from the family trust. [R. 1 at 10-17.] Indeed, Mr. Wikeley and WFTL are parties to the New Zealand action that the Plaintiffs seek to recognize. [*See* R. 1-3 at 2.] Therefore, Mr. Wikeley and WFTL may be necessary or indispensable parties.

Yet joining Mr. Wikeley and WFTL would not be feasible. The Court has subject-matter jurisdiction because the current parties have diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; [R. 1 at 2-3 (pleading diversity jurisdiction).] But because Mr. Wikeley and WFTL are citizens of New Zealand—like the Plaintiffs—joining them would destroy complete diversity. *Id.* at 2-3. Therefore, the action should be dismissed if Mr. Wikeley and WFTL are indispensable to this litigation. The Plaintiffs do not discuss Mr. Wikeley and WFTL's absence. Consequently, at this early stage, the Plaintiffs do not establish that they are substantially likely to succeed. *See Overstreet*, 305 F.3d at 573.

Accordingly, the Court will deny the Plaintiffs' request for a temporary restraining order. However, this Order casts no judgment on the Plaintiffs' request for a preliminary injunction. The Court holds only that the Plaintiffs have not demonstrated an entitlement to the extraordinary remedy of a restraining order given without reasonable notice and an opportunity

to be heard from the opposing party. *See Stein*, 672 Fed. App'x at 572. Indeed, the need to develop fact and argument through the adversarial process "is both fundamental and comprehensive." *United States v. Nobles*, 422 U.S. 225, 231 (1975) (quoting *United States v. Nixon*, 418 U.S. 683, 709 (1974)). Further consideration after full briefing, albeit expedited, will support a just determination on the Court's jurisdiction over the case and the Plaintiffs' entitlement to preliminary relief.

### III

The Plaintiffs' concern is a valid one: the Defendants might unlawfully transfer the Plaintiffs' rightful assets beyond their control. But the relief sought is extraordinary. To obtain it, the Plaintiffs must show a substantial likelihood of success on the merits. They have not. The Plaintiffs have not shown a substantial likelihood of success on their claims for declaratory judgment because recognizing the New Zealand court orders risks frustration of federalism principles. Moreover, the orders are not yet final, the reciprocity requirement might bar recognition, and joining absent—but possibly indispensable—parties could destroy the Court's jurisdiction. Accordingly, and the Court being sufficiently advised otherwise, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [R. 5] is **DENIED** to the extent that it seeks a temporary restraining order;

2. Plaintiffs' motion [R. 5] remains pending to the extent it seeks a preliminary injunction;

8

3. A telephonic status conference to discuss scheduling in this matter is **SCHEDULED** for Monday, April 24, 2023, at 1:30 p.m. with Judge Van Tatenhove sitting in Frankfort, Kentucky; and

4. To join the teleconference, the parties are **DIRECTED** to call CMS Teleconferencing at 1-571-353-2301 and enter Meeting ID 085662784 (followed by #). Parties may also join the conference from a computer, mobile phone, or tablet by copying the following link into a web browser: https://meet.uc.uscourts.gov/meeting/085662784?secret=9hq7FrC0LpGQQhC3LT..cA

This the 20th day of April, 2023.

Gregory F. Van Tatenhove
United States District Judge