UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| BRENDON GIBSON AND NATALIE BURRETT, INTERIM LIQUIDATORS OF WIKELEY FAMILY TRUSTEE LIMITED,<br><br>    Plaintiffs,<br>v.<br><br>WIKELEY INC., et al.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )    No. 5:23-CV-116-GFVT-MAS |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Brendon Gibson and Natalie Burrett, as Interim Liquidators of the Wikeley Family Trustee Limited ("WFTL"), have filed a motion seeking to disqualify counsel for Defendant Wikeley, Inc. ("Wikeley"), Andre Regard and The Regard Law Group LLC ("Regard Attorneys"). [DE 17, 29]. In short, WFTL argues Regard Attorneys, who are counsel for WFTL in a companion state court action, cannot now serve as counsel for Wikeley against WFTL. Wikeley objects suggesting, *inter alia*, WFTL waived this issue, the current dispute is unrelated to the prior representation, and the Court should simply dismiss this lawsuit. [DE 27]. The Court, after thoroughly reviewing the arguments and records presented by the parties, grants the motion.

1

## I.   RELEVANT FACTUAL BACKGROUND

The facts of this litigation, even in its infancy, are long and complicated. However, there is little dispute concerning these facts. The Court will endeavor to frame all the background and various litigation between these named parties and other affiliates that have brought them to this moment.

### A.   KENTUCKY LITIGATION

In the late summer of 2021, the Wikeley Family Trust ("Family Trust"), by and through its trustee WFTL, filed suit against Kea Investments Limited ("Kea") in Fayette Circuit Court asserting claims in the amount of $123,750,000 ("Kentucky Litigation"). [DE 1, Page ID# 3-4]. A few months later, the court entered default judgment ("Default Judgment") for the Family Trust against Kea in that same amount. [DE 1, Page ID# 3]. Kea later appeared and sought to set aside the Default Judgment to no avail. [DE 1, Page ID# 3-4]. Kea appealed the Default Judgment that remains pending. [DE 1, Page ID# 4].

Throughout the Kentucky Litigation, Regard Attorneys have represented WFTL in its capacity as trustee of the Family Trust.

### B.   NEW ZEALAND LITIGATION

On Halloween in 2022, Kea filed suit against WFTL (a New Zealand corporation), Eric John Watson, and Kenneth Wikeley in New Zealand "seeking damages for tortious conspiracy, injunctions to restrain the commission of further fraudulent acts, and a declaration that the Default Judgment had been obtained by fraud and so is not entitled to recognition or enforcement in New Zealand" ("New Zealand Litigation"). [DE 1, Page ID# 4].

During the litigation, the Court in New Zealand entered an interim and then permanent judgment ordering that the defendants ("NZ Judgment"), including WFTL, do the following:

> 1. WFTL and Kenneth Wikeley are enjoined from taking any steps, or causing or permitting any other person, to appoint an additional or replacement trustee of the Family Trust;
>
> 2. WFTL is enjoined from bringing or pursuing any litigation, or taking any steps to enforce or otherwise act on the Default Judgment; and
>
> 3. The defendants are enjoined from assigning any security interest in or over, or otherwise in any way whatsoever transferring or encumbering any interest any of them may have had, directly or indirectly, in any rights any of them may have had under or in connection with the Default Judgment.

[DE 1, Page ID# 5-6]. Judgment was entered on March 10, 2023. [DE 1, Page ID# 5].

WFTL and the other defendants initially indicated to the New Zealand court that they were going to appeal the ruling as of March 2023, but WFTL and the other defendants did not file any appeal. [DE 1, Page ID# 6]. The NZ Judgment remains final and in effect.

C. **THE ASSIGNMENT TO WIKELEY**

On March 30, 2023, less than three weeks after entry of the NZ Judgment, the Family Trust, by and through WFTL, assigned the Default Judgment to Wikeley ("Assignment"), a Kentucky company formed only two days earlier. [DE 1, Page ID# 6]. The Family Trust, by and through WFTL, filed a motion in the Kentucky Litigation seeking substitution of Wikeley in lieu of the Family Trust. [DE 1, Page ID# 6]. Again, the Regard Attorneys represented both the Family Trust, by and

3

through WFTL, and Wikeley. The state court has not resolved this substitution motion; the Regard Attorneys remain counsel of record for WFTL in the Kentucky Litigation.

### D. NEW ZEALAND LIQUIDATION

Considering the Assignment, Kea returned to the court in New Zealand seeking "to restrain Kenneth Wikeley, WFTL and Mr. Watson from taking steps consequential to the Purported Assignment to Wikeley, Inc. and to add Wikeley, Inc. as a party to the New Zealand Action." [DE 1, Page ID# 7].

The Court responded with another order on April 6, 2023 ("NZ Order"). [DE 1, Page ID# 7]. Again, the court enjoined WFTL and Kenneth Wikeley from taking any action to pursue the Default Judgment or the Assignment. [DE 1, Page ID# 7]. The Court went on to appoint Brendon Gibson and Natalie Burrett as interim liquidators of WFTL ("Interim Liquidators"). [DE 1, Page ID# 7]. The NZ Order was circulated to counsel for WFTL, Kenneth Wikeley, and others on the same date, including the Regard Attorneys. [DE 1, Page ID# 8].

### E. TRUSTEE CHANGE

Five days later, Kenneth Wikeley formed Defendant USA Asset Holdings, Inc. ("UAH"). [DE 1, Page ID# 8-9]. The Family Trust then removed WFTL as trustee and appointed UAH as trustee, effective April 12, 2023. [DE 1, Page ID# 8-9].

### F. FEDERAL LITIGATION

In response to Kenneth Wikeley's latest moves, WFTL, by through the Interim Liquidators, filed this action seeking (1) a declaratory judgment that the assignment was void *ab initio* and/or voidable; (2) an order enjoining the Wikeley, UAH, and

4

various "John Does", from taking any steps to act on the Default Judgment; and (3) damages for the fraudulent transfer of the Default Judgment under Kentucky state law. [DE 1].

The Court denied WFTL's request for a temporary injunction. [DE 12].

### G. BANKRUPTCY LITIGATION

On April 20, 2023, WFTL filed a Chapter 15 Petition for Recognition of a Foreign Proceeding pursuant to 11 U.S.C. § 1509 in *In Re Wikeley Family Trustee Limited (In Liquidation)*, 5:23-br-50420-GRS (Bankr. E.D. Ky. 2023). Under Chapter 15, Interim Liquidators sought recognition of the New Zealand Litigation. Wikeley, through the Regard Attorneys, objected. The Bankruptcy Court, however, ruled in favor of the Interim Liquidators. [Bankruptcy Docket, DE 42]. Wikeley appealed that Order to this Court where it is now pending before District Judge Van Tatenhove. [Bankruptcy Docket, DE 49].

## II. ANALYSIS

WFTL, through the Interim Liquidators, now seeks to disqualify the Regard Attorneys, counsel for Wikeley. [DE 17]. WFTL argues that the Regard Attorneys cannot represent Wikeley in opposition to WFTL given that the Regard Attorneys currently represent WFTL in the Kentucky Litigation.

### A. STANDARD FOR DISQUALIFICATION

The Sixth Circuit has enunciated a three-part test for courts to use in analyzing whether counsel should be disqualified: whether "(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially

5

related; and (3) the attorney acquired confidential information from the party seeking disqualification." *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990) (citing *City of Cleveland v. Cleveland Elec. Illuminating Co.*, 440 F. Supp. 193, 207 (N.D. Ohio 1976), aff'd sub nom. *City of Cleveland v. Cleveland Elec. Illuminating*, 573 F.2d 1310 (6th Cir. 1977)).[1]

B.   **TIMELINESS OF THE MOTION**

Before turning to the merits of WFTL's motion for disqualification, the Court must address Wikeley's claim that any such motion is waived by WFTL. Per Wikeley, WFTL has not timely raised the disqualification issue in this action and/or in the bankruptcy action. [DE 27, Page ID# 785].

"[C]ourts have disallowed disqualification on the basis of waiver or estoppel where the moving party has failed to move for disqualification in a timely manner. 'It is well settled that a former client who is entitled to object to an attorney representing an opposing party on the ground of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right.'" *In re Valley-Vulcan Mold Co.*, 237 B.R. 322 (6th Cir. 1999) (citing *Trust Corp. of Montana v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir.1983)). Here, although this Court cannot speak for all the actions and arguments raised in Bankruptcy Court, the Court can speak with clear authority about the record before this Court. WFTL

---

[1] Although Kentucky Rules of Professional Conduct would apply to the Regard Attorneys, the Sixth Circuit has clarified that "the effect of using the Kentucky Rules of Professional Conduct in place of or in conjunction with [the] *Dana* analysis is minimal at best because the relevant Kentucky Rule is essentially the same." *Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 651 (6th Cir. 2013).

6

filed the current motion for disqualification a mere eleven days after filing its Complaint in this matter and ten days after Wikeley and the Regard Attorneys made their appearance in the case. The motion was nearly ripe before Wikeley even filed its motion to dismiss in response to the Complaint. Courts have permitted delay of up to ninety days before and have only found waiver where two years or more had passed. *See Sickle v. State Farm Fire & Casualty, Co.*, No. 3:12-cv-672, 2013 WL 12043482, at *3 (E.D. Tenn. Apr. 26, 2013) (rejecting undue delay where the motion for disqualification was filed ninety days after the conflict arose and discussing cases that found undue delay where a disqualification motion was filed two and a half years later). Eleven days is far less than 90 days, much less 730 days or two years. WFTL's motion is timely by any measure.

### C. FIRST PRONG: PAST ATTORNEY-CLIENT RELATIONSHIP

For the first prong, there is no question the Regard Attorneys represented and still represent WFTL in the Kentucky Litigation. Wikeley tries to thread the legal fiction that Interim Liquidators are not prior clients of the Regard Attorneys. Such an argument simply ignores the plain fact that the Interim Liquidators are merely standing in the shoes of WFTL just as WFTL stood in the shoes of the Family Trust. The Regard Attorneys are counsel of record for WFTL in the Kentucky Litigation and have an attorney-client relationship with that entity; the Regard Attorneys are counsel of record against WFTL in this case. The first prong of the *Dana Corp.* test is satisfied.

### D. SECOND PRONG: SUBJECT MATTER SUBSTANTIALLY THE SAME

Turning to the second prong, when determining whether the attorney-client relationships are "substantially related," a district court looks to "the general type of information that the potentially conflicted lawyer would have been exposed to in a normal or typical representation of the type that occurred with the now-adverse client." *Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 651 (6th Cir. 2013). "[T]he former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter." *Bowers*, 733 F.3d at 651 (quoting Rule 1.9 cmt. 3). "This analysis essentially makes the final two prongs of *Dana Corp.* interdependent on one another." *Dirksing v. Safeco Ins. Co. of Illinois*, 544 F. Supp. 3d 767, 771 (E.D. Ky. 2021).

The current dispute centers around both the enforcement of the Default Judgment, the Assignment, and general control of WFTL. The Regard Attorneys, on behalf of WFTL, were the counsel that obtained the Default Judgment. And the Regard Attorneys were directly involved with the Assignment and requested, on behalf of WFTL, that the Family Trust, through WFTL as its trustee, be substituted in the Kentucky Litigation with Wikeley. "'What confidential information could have been imparted involves considering what information and facts ought to have been or would typically be disclosed in such a relationship. Consequently, the representations are substantially related if they involve the same client and the matters or transactions in question are relevantly interconnected or reveal the client's pattern of conduct.'" *Id.* (quoting with approval *Koch v. Koch Indus.*, 798 F.

8

Supp. 1525, 1536 (D. Kan. 1992)); *see also* Rule 1.9 cmt. 3 ("[M]atters are substantially related . . . if they involve the same transaction or legal dispute or if there is otherwise a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."). Here, the Regard Attorneys have a direct conflict: they represent a client in this action opposing another client who seeks to undo the work the Regard Attorneys did on behalf of that other client in the Kentucky Litigation.

Wikeley argues that the current litigation has nothing to do with the Regard Attorneys' prior work for WFTL. "This litigation is an avoidance action filed by the Interim Liquidators based on actions taken by WFTL before they were appointed." [DE 27, Page ID# 795]. This argument actually proves the point. The current litigation the Regard Attorneys seek to oppose in federal court concerns the litigation the Regard Attorneys pursued in the Kentucky Litigation. Wikeley repeatedly argues that WFTL cannot undo what was done in the Kentucky Litigation. However, setting aside the legal merits of that argument, there is no question counsel cannot be involved on both sides of the dispute. Wikeley's arguments strains obvious reason.

Thus, the second prong of *Dana Corp.* is met.

E. <u>SUBSTANTIAL RISK OF CONFIDENTIAL INFORMATION</u>

And as there is a substantial risk that confidential factual information was obtained in the prior representation that would be materially adverse to WFTL here, prong three of the *Dana Corp.* test is also met.

Wikeley argues there is no confidential information at issue in this case:

9

> The Interim Liquidators have not identified any confidential information that Regard Attorneys have about WFTL that creates a conflict related to the assignment of the [Default] Judgment which would be relevant to this case and require disqualification. The only relevant information related to the [A]ssignments is that they happened and who signed them. This information is publicly known, having been provided to the Kentucky Courts.

[DE 27, Page ID# 796].

That is just not true. WFTL in this action has filed claims alleging fraudulent transfer as to the Assignment and seeks punitive damages. [DE 1, Page ID# 15–18 (asserting two counts under KY. REV. STAT. ANN. § 378A.040(1)(A) and one count under KY. REV. STAT. ANN. § 378A.050(1)(B))]. Wikeley is correct that the public record demonstrates the Assignment. However, WFTL's claim will hinge on the **why** of the Assignment. *See* KY. REV. STAT. ANN. § 378A.040(1)(A); KY. REV. STAT. ANN. § 378A.050(1)(B) (both statutory schemes require proof of intent); KY. REV. STAT. ANN. § 411.184 (requiring proof of oppression, fraud, or malic to receive an instruction for punitive damages under Kentucky law). The Regard Attorneys do, in fact, possess critical and confidential information about why WFTL took the actions it did in the Kentucky Litigation beyond just the mere fact that it happened. Taking WFTL allegations in its Complaint as true at this procedural stage, the Regard Attorneys not only possess confidential information but critical confidential information about these claims.

Thus, as all three prongs of the *Dana Corp.* test have been met, the Regard Attorneys must be disqualified from representing Wikeley in this action.

F. **WIKELEY'S REMAINING ARGUMENTS**

Wikeley, in its Response, not only addresses the three *Dana Corp.* factors, but also throws several arguments against the wall, all without success. Namely, Wikeley argues the Court should grant its motion to dismiss, decline recognition of the NZ Judgment and NZ Order, and generally disregard the New Zealand litigation. [DE 27, Page ID# 787-90]. However, the motion to dismiss is not before the undersigned. The Court cannot simply ignore a timely, ripe, and meritorious motion in favor of a yet briefed motion. Wikeley wants the Court to skip ahead to the end of the litigation and rule on the merits while ignoring that its counsel has an unavoidable conflict. The Court can only take this litigation as it comes, one motion at a time. The Court takes at face value the constitution of the parties and the current procedural posture of the litigation. If the posture changes such that the Interim Liquidators no longer represent WFTL and that representation is *void ab initio*, the Court recognizes it will have to revisit the disqualification issue.

In the end, Wikeley urgently seeks to attack the merits of WFTL's claims. And that fight is surely coming via the motion to dismiss that is now pending. But it will not be with the Regard Attorneys as currently postured. For this motion, the Court remains steadfastly focused on the timely issue of disqualification. And having thoroughly reviewed the *Dana Corp.* factors as required by the Sixth Circuit, Wikeley's attorneys must be disqualified.

### III. CONCLUSION

For the reasons stated above and the Court being sufficiently advised, the Court

**ORDERS** that WFTL's Motion to Disqualify Counsel [DE 17] is **GRANTED**.

11

The Regard Attorneys are removed as counsel for Wikeley effective fourteen (14) days from entry of this Order. The undersigned enters this Memorandum Opinion & Order pursuant to 28 U.S.C. § 636(b)(1)(A). Within fourteen (14) days from entry of this Memorandum Opinion & Order, either party may appeal this decision to Judge Van Tatenhove pursuant § 636(b)(1)(A) and FED. R. CIV. P. 72(a).

Entered this 2nd day of August, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY